UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PONNUSWAMY NATARAJAN, M.D.,

　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　CASE NO: 8.04-cv-2612-T-17TGW

THE PAUL REVERE LIFE INSURANCE
COMPANY, UNIUM PROVIDENT
CORPORATION a/k/a THE UNUM GROUP

　　Defendant.
_____/

## ORDER

This cause comes before the court on Defendant's Motion to Dismiss, Motion for a More Definite Statement, and/or Motion to Strike Plaintiff's Amended Complaint all filed on March 26, 2008 (Doc. 53) and response thereto (Doc. 54). For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED IN PART**, as to Plaintiff's allegations of racketeering activity contained in counts (5)-(7). Defendant's Motion to Strike Portions of the Amended Complaint is **GRANTED IN PART** as to the improperly pled prayers for relief in subsection (b) of counts (1)-(4). The remaining portions of the amended complaint are **ABATED** with instructions to re-file on the breach of contract claim only. All other Motions are **DENIED**.

## I. BACKGROUND

Plaintiff, Dr. Ponnuswamy Natarajan, is a board certified invasive cardiologist in the State of Florida. Defendant, The Paul Revere Life Insurance Company, a.k.a Unum Group is a foreign corporation, operating principally in Maine and Tennessee. Plaintiff properly invokes diversity jurisdiction, alleging an amount in controversy in excess of $75,000.00.

Beginning in or about 1977, Plaintiff, Dr. Natarajan, purchased several long-term, "own occupation" disability insurance policies from the Defendant, The Paul Revere Life Insurance Company a.k.a Unum Group ("Unum"). Twenty-four years later, Dr. Natarajan developed severe degeneration in his hands and lost the ability to perform surgery. He requested full disability benefits from the Defendant. Defendant denied full benefits and agreed to pay partial benefits because surgical procedures comprised only 25% of the doctor's income.

Dr. Natarajan alleges seven counts of misconduct by his insurer in the claim settlement process. These include (1) breach of contract, (2) failure to settle in good faith under Chapter 624 of the Florida Statutes, (3) breach of fiduciary duty, (4) breach of the implied covenant of good faith and fair dealing, (5) racketeering, in violation of 18 U.S.C. § 1512, a Federal RICO statute, (6) unlawful investment of racketeering income in violation of 18 U.S.C. § 1961, a Federal RICO statute, and (7) unlawful implementation of a scheme affecting foreign commerce in violation of 18 U.S.C § 1961 and 18 U.S.C. § 1962(b).

Defendant moves to dismiss and/or strike the complaint on three grounds: First, that claims (2)-(7) are unsubstantiated and subject to dismissal under Federal Rules of Civil Procedure 12(b)(6); Second, that this Court should strike Plaintiff's complaint for impermissible bad faith allegations; and Third, that Defendant is entitled to a more definite statement as to "count (1)," breach of contract.

## II. ANALYSIS

### A. Motion to Dismiss

Defendant moves to dismiss counts (2)-(7) of Plaintiff's complaint in three parts: 1., as to count (2), failure to settle in good faith pursuant to Chapter 624 of the Florida Statutes; 2., as to counts (3)&(4), breach of fiduciary duty and the implied covenant of good faith and fair dealing;

and 3.. as to counts (5)-(7). unlawful activity under the Federal RICO Statutes. Under the Federal Rules of Civil Procedure 12(b)(6). a motion to dismiss is proper when "no relief could be granted under any set of facts...consistent with the allegations." *Hishon v. Spalding,* 467 U.S. 69, 73 (1984). For the reasons set forth below, this Court grants Defendant's Motion to Dismiss counts (5)-(7) and abates all remaining counts with instructions to re-file on the breach of contract claim only.

### 1. Count (2) Failure to Settle in Good Faith

Defendant claims that Plaintiff's failure to settle in good faith allegations are subject to dismissal without prejudice under F.R.C.P 12(b)(6) and Florida law. In *Vest v. Travelers Insurance Co.,* 753 So. 2d 1270 (Fla. 2000) (corrected opinion), a Defendant insurance company argued that bad faith claims are premature until breach of contract is established. The Court held that bad faith cannot be established without proof of liability or damages, and dismissed Plaintiff's bad faith claim without prejudice. *See Vest,* 753 So. 2d at 1273, 1275. *citing Blanchard v. State Farm Auto. Mut. Ins. Co.,* 575 So. 2d 1289 (Fla. 1991).

Dr. Natarajan's claim is also premature until a breach of contract is established. Even though the cases are similar, dismissal is improper here because the interests of judicial efficiency and justice require these claims be resolved by this court rather than in separate proceedings. Accordingly, the failure to settle in good faith claim shall be abated rather than dismissed without prejudice

### 2. Counts (3) Breach of Fiduciary Duty; and (4) Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant argues that counts (3) & (4) (breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing) are also subject to dismissal under F.R.C.P

12(b)(6). Defendant claims it cannot be held liable for either of these claims because the contract was preformed in full. This claim highlights the need for this Court to determine the breach of contract claim before delving into these other causes of action requiring breach of contract as a requisite element. Plaintiff's claim presents sufficient factual allegations to support these claims, and, at the very least, create significant issues of fact; however these issues have no bearing if Defendant did not breach the contractual agreement. For this reason counts (3)&(4) are abated pending resolution of count (1) breach of contract.

### 3. Counts (5)-(7) Florida and Federal RICO Violations

Defendant argues that the Florida and Federal racketeering counts ((5)-(7)) are barred by the Economic Loss Rule. Defendant cites *HTP Ltd. v. Lineas Areas Costarricenses, S.A.*, 685 So. 2d 1238 (Fla. 1996), which held that RICO allegations must be based on tortuous conduct "independent from acts that breach the contract," or the claim fails under the economic loss rule. *See HTP Ltd.*, 685 So. 2d at 1239. In light of the abatement of all claims other than breach of contract Plaintiff's RICO claims are barred by the economic loss rule. Accordingly, this Court must dismiss Plaintiff's claims (5)-(7) without prejudice.

### B. Motion to Strike Standard

Defendant moves to strike Plaintiff's complaint under F.R.C.P. 12(f), arguing that the bad faith allegations taint the breach of contract claim. In reviewing a Motion to Strike, "a court will not exercise its discretion...unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Dennis v. Northwestern Mutual Life Insurance Co.*, 2006 U.S. Dist. LEXIS 19578 (M.D. Fla. 2006); citing *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 691 (M.D. Fla. 2003). Alternatively, Defendant Moves to Strike portions of Plaintiff's Prayer for Relief contained in subsections (b)

and (e) of counts (1)-(4), regarding reinstatement of the policy or a buyout of the future policy and punitive damages. A right of action is limited to the accrued installments paid at the time of complaint. *Mutual Life Insurance Co. v. Knight*, 178 So. 898 (1937). Punitive damages can be granted for breach of contract when a willful and independent tort indicates reprehensibility in the breach. *See MacDonald v. Penn Mutual Life Insurance Co*, 276 So. 2d 232 (Fla. 2d DCA 1973); *Allstate Insurance Co. v. Gibbs*, 340 So. 2d 1202 (Fla. 4th DCA 1976); *see also Butichikas v. Travelers Indemnity Co.*, 343 So. 2d 816 (1976).

### 1. Motion to Strike for Undue Prejudice

Defendant claims that the allegations presented in Plaintiff's complaint taint the entire breach of contract claim. In *Dennis v. Northwestern Mutual Life Insurance Co.* 2006 U.S. Dist. LEXIS 19578 (M.D. Fla. 2006), a Plaintiff sued his insurance company for breach of contract for failure to recognize his disability status. Plaintiff alleged the breach in nine different ways. *Dennis*, 2006 U.S. Dist. LEXIS 19578 at 1-2. Two of these theories included unfair claim review practices and breach of the implied covenant of good faith and fair dealing. The *Dennis* court found that the prejudicial complaint did taint the breach of contract claim, and held that the allegations were not relevant to the underlying issue of whether or not the insurer properly denied disability status. *Dennis*, 2006 U.S. Dist. LEXIS 19578 at 5, 19.

Like the Plaintiff in *Dennis*, the root of Dr. Natarajan's complaint stems from a belief that the Defendant improperly determined his disability status. The facts relating to the bad faith allegations in counts (2)-(4) are irrelevant to the breach of contract controversy. Despite their immediate irrelevance, they are likely to play an important role in the abated claims if they are addressed at a future time. Accordingly, Defendant's motion to strike the complaint is denied.

### 2. Motion to Strike Portions of Plaintiff's Prayer for Relief

Defendant also Moves to Strike portions of Plaintiff's Prayer for Relief as to counts (1)-(4), the wherefore clauses (b) asking for reinstatement of monthly payments of $14,500.00 per month pursuant to the policies or a buy out of the future value, and (e) asking for punitive damages.

As to wherefore clause (b), Plaintiff is not entitled to a reinstatement or buyout of the policy in damages. *See Mobley v. New York Life Insurance Co.*, 295 U.S. 632 (1935). The only noted exception to this clear recitation of the law is in cases of complete repudiation by the insurer. A determination of partial benefits is not a total repudiation. *Id.*

The punitive damage prayers are improper at this stage. Punitive damages are available in breach of contract claims only when Plaintiff sufficiently pleads independent tortuous conduct beyond the scope of the breach. *See MacDonald v. Penn Mutual Insurance Co.*, 276 So. 2d 232 (Fla. 2d DCA 1973), *et al.* Plaintiff's complaint does indicate pervasive evidence of bad faith and reprehensibility, and punitive damages may be available should the court uphold the claims made in counts (2)-(4). Defendant's motions to Strike Portions of Plaintiff's prayer for relief is granted in part as to subsection (b) in counts (1)-(4) and denied as to subsection (e), also in counts (1)-(4).

### C. Motion for a More Definite Statement

Defendant challenges Plaintiff's breach of contract complaint as impermissibly vague. Defendant bases this argument on the fact that the 50 page complaint fails to specifically connect individual defendants with individual aspects of the breach. A motion to for a more definite statement is proper when a party fails to provide sufficient grounds for a response. Fed. R. Civ. P. 12(e). The complaint is sufficient for response for a number of reasons. First, Plaintiff

alleges that, Unum Provident is not the only parent company of Paul Revere Life Insurance Company; and Unum is responsible for all denials made my Paul Revere. If this relationship in inaccurate, it is still sufficiently definite to dignify a response. Second, Plaintiff bases much of his argument on a theory of joint venture, a theory that is sufficiently pled, and capable of response. Finally, Plaintiff's allegations as to breach of contract are simply pled. Accordingly, this Court must deny Defendant's Motion for a more definite statement.

## IV. CONCLUSION

This Court must resolve count (1) breach of contract before addressing the subsequent issues plead in counts (2)-(4). Counts (5)-(7) must be dismissed without prejudice because they cannot be proven absent proof of independent tortuous conduct as alleged in counts (2)-(4). Accordingly, it is

ORDERED that Defendant's Motion to Dismiss is **GRANTED IN PART** as to Plaintiff's counts (5)-(7); Defendant's Motion to Strike is **GRANTED IN PART** as to subsection (b) of counts (1)-(4); all other Motions are **DENIED**; Plaintiff's amended complaint is **ABATED**, and Plaintiff is instructed to file within in ten days, an amended complaint as to the breach of contract claim only. The abated amended complaint remains in the file and subject to being reactivated if appropriate. The Defendant shall have ten days to answer the second amended complaint on breach of contract after it is filed.

**DONE and ORDERED** in Chambers in Tampa, Florida, on this 24th day of July, 2008.

ELIZABETH A. KOVACHEVICH
United States District Judge

Cc: All parties and counsel of record