**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**PONNUSWAMY NATARAJAN, M.D.,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**CASE NO. 8:04-cv-2612-T-17TGW**

**THE PAUL REVERE LIFE INSURANCE
COMPANY, UNIUM PROVIDENT
CORPORATION a.k.a. THE UNUM GROUP**

    **Defendant.**
_____/

**ORDER**

    This cause is before the Court on Defendant's Motion to Dismiss, Motion for a More Definite Statement, and/or Motion to Strike Plaintiff's Second Amended Complaint filed on January 5, 2009 (Doc. 78) and the Plaintiff's response thereto filed on January 16, 2009 (Doc. 79). For the reasons set forth below, Defendant's Motion to Strike is **GRANTED IN PART** as to the prayer for relief for the reinstatement of monthly benefits. All other Motions are **DENIED**.

**I.**　　**BACKGROUND**

    Plaintiff, Dr. Ponnuswamy Natarajan, is a board certified invasive cardiologist in the State of Florida. Defendant, The Paul Revere Life Insurance, a.k.a. Unum Group, is a foreign corporation, operating principally in Maine and Tennessee. Plaintiff properly invokes diversity jurisdiction, alleging and amount in controversy in excess of $75,000.00.

    Beginning in or about 1977, Plaintiff, Dr. Natarajan, purchased several long-term, "own occupation" disability insurance policies from the Defendant, The Paul Revere Life Insurance Company a.k.a. Unum Group. Twenty-four years later, Dr. Natarajan developed severe

degeneration in his hands and lost the ability to perform surgery. He requested full disability benefits from the Defendant. Defendant denied full benefits and agreed to pay partial benefits because surgical procedures comprised only 25% of the doctor's income.

In the Second Amended Complaint, Dr. Natarajan alleges nine counts of misconduct by his insurer in the claim settlement process. These include (1) breach of contract, (2) fraud as to omissions in the nature and quality of the policy, (3) fraud as to CPT Code Analysis, (4) fraud as to the appeal process, (5) fraud as to statements made by Defendant's representative in 2000, (6) fraud as to the reassessment process, (7) racketeering, in violation of 18 U.S.C. § 1512, a Federal RICO statute, (8) unlawful investment of racketeering income in violation of 18 U.S.C. § 1961, a Federal RICO statute, and (9) unlawful implementation of a scheme affecting interstate commerce in violation of 18 U.S.C. § 1961 and 18 U.S.C. § 1962(b).

Defendant moves to dismiss and/or strike the complaint on four grounds: First, that Plaintiff's Second Amended Complaint represents impermissible "shotgun" pleading and should be dismissed or; second, that fraud counts 2, 3 and 5 are all barred by the applicable statute of limitations; third, that portions of Plaintiff's Prayer for Relief should be struck from the Complaint; and fourth, that Defendant is entitled to a more definite statement as to the general prayer for relief, in the alternate of a motion to dismiss for "shotgun" pleading that the Defendant is entitled to a more definite statement, and to clarify allegedly vague references to defendant in several portions of the complaint.

## II.   ANALYSIS

### A.   Motion to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 127 S. Ct. 1955, 1974 (2007). If a Plaintiff fails to allege sufficient facts to support a claim, that claim must be dismissed. *See Id*. Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### 1. Plaintiff's Second Amended Complaint as impermissible "shotgun" pleading

Attacking a complaint for "shotgun" pleading should not be filed as a motion to dismiss for failure to state a claim; this Court will treat it as a motion for a more definite statement. See *Magluta v. Samples*, 256 F.3d 1282 (11 Cir. 2001) (Appropriate remedy for an adverse verdict based on a "shotgun" pleading is vacating the judgment with an order for repleader sua sponte). Accordingly the Court must deny Defendant's Motion to Dismiss on this basis.

### 2. Fraud Counts 2, 3, and 5 for expiration of the statute of limitations

Defendant argues that fraud counts 2, 3 and 5 are barred by the applicable statute of limitations. All three counts concern different allegations of fraud made by the Plaintiff. Under Florida Statute Section 95.11(j) there is a four year statute of limitations on fraud.

Assuming the Defendant is correct in asserting that the statute of limitations on those counts began to run on May 8, 2003, then the claims would have expired on May 8, 2007, had they not been tolled. On April 15, 2005, a Joint Motion to Stay was filed by the parties which specifically stated that "any applicable statute of limitations shall be tolled during the reassessment process" (Doc. 14 at 2). The same sentence is also present in both the December 12, 2006, Joint Motion to Stay (Doc. 18 at 2) and the May 31, 2007, Joint Motion to Stay (Doc. 20 at 2). A motion to reopen this case was filed on July 31, 2007 (Doc. 22). The reassessment process decision was received by Plaintiff on June 8, 2007 (Doc. 79 Ex. B). Plaintiff filed the

fraud claims with this Court in its Second Amended Complaint on December 08, 2008 (Doc. 72). The above circumstances under the four year statute of limitations would allow the contested claims to be filed well into 2009.[1]

Accordingly, Defendant's Motion to Dismiss Fraud Counts 2, 3 and 5 is denied.

**B.     Motion to Strike**

Defendant moves to strike portions of Plaintiff's Prayer for Relief contained in subsections (b) of Counts 1-6, (d) of Counts 2-6 and (c) of Counts 1-6.  Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The Court has already addressed this issue in a prior order (Doc. 62).  As to wherefore clause (b) of Counts 1-6, Plaintiff is not entitled to a reinstatement or buyout of the policy in damages.  *See Mobley v. New York Life Insurance Co.*, 295 U.S. 632 (1935).  As this Court has previously stated (Doc. 62 at 6), the only noted exception to this clear recitation of the law is in cases of complete repudiation by the insurer.  A determination of partial benefits is not a total repudiation. *Id*.  Accordingly, the Motion to Strike is granted on this issue.

As to the Motion to Strike attorneys' fees in subsections (d) of Counts 2-6, it is true that Florida generally follows the American Rule requiring litigants to pay their own attorneys' fees. "If the party seeking attorneys' fees can demonstrate the specific, certain and conclusive existence of malice or fraud, attorneys' fees are available." *Cook v. Deltona Corp.*, 753 F.2d 1552, 1564 (11th Cir. 1985) (*citing Baya v. Central and Southern Florida Flood Control Dist.*,

---

[1] A claim which matures in May 2003, with a four year statute of limitations and over two years of voluntary tolling wouldn't be time barred until well into 2009.

184 So.2d 501, 502 (Fla. 2nd App. 1966)). It would be premature to strike attorneys' fees when Plaintiff alleges fraud. Accordingly, the Motion to Strike is denied.

As for subsection (c) of Counts 1-6, Plaintiff's prayer for relief seeking reimbursement for all premiums paid on the policies should not be stricken at this time. The Plaintiff alleges sufficient facts in the complaint to sustain, prior to discovery, this prayer for relief. The proof of what the damages could be will come after discover. Accordingly the Motion to Strike is denied on this issue.

      C.      **Motion for a More Definite Statement**

Rule 12(e) provides that a motion for a more definite statement may be granted if the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."

            1.      **Plaintiff's Prayer for relief for "such other benefits as this Court deems just and appropriate"**

"A pleading which sets forth a claim for relief is required to contain a demand for judgment for the relief to which the pleader deems himself or herself entitled, and every complaint must be considered to demand general relief." Fla. Jur. Pleading § 73 (citing Fla. R. Civ. P. 1.110(b). The prayer for relief that the Defendant seeks a more definite statement is merely a prayer for general relief. If every complaint is assumed to set forth a demand for general relief even when the prayer is not listed, it would make no sense to declare it too vague for a responsive pleading when it is listed. Consequently the Motion for a More definite Statement as to Plaintiff's general prayer is denied.

            2.      **Plaintiff's Complaint as a "Shotgun" Pleading**

The Court finds Plaintiff's argument unpersuasive as to the motion being barred based on Rule 12(g). Rule 12(g) only bars Defendant from raising an objection that was previously available; the objection in this instance became available only upon filing of the Second Amended Complaint.

When a Complaint clearly runs afoul of Rule 8, requiring a "short plain statement" and Rule 10, requiring discrete claims to be pled in separate counts it can be described as "shotgun" pleading. *See Generally Magluta v. Samples*, 256 F.3d 1282 (11 Cir. 2001) (A Complaint that was fifty-eight pages long, applied every count to every one of the fourteen defendants despite realities rendering this impossible and every count reincorporated all count(s) preceding it was seen to be a quintessential "shotgun" pleading); *Anderson v. District Bd. of Trustees of Cent. Florida Community College*, 77 F.3d 364 (11 Cir. 1996) (A Compliant that in each count alleged that the defendants violated a myriad of laws unrelated to the count as stated[2] and repeatedly incorporated immaterial allegations of fact into every count entitled the defendants to a More Definite Statement pursuant Rule 12(e) because the defendants could not be expected to file a responsive pleading).

In the present case, the Court has already decided that the breach of contract claim was pled in a sufficiently simple manner (Doc. 62). The inclusion of eight other counts in the Second Amended Complaint with their incorporation of the general factual allegations and of specific preceding counts does not render the complaint a "shotgun" pleading. In the present case there are two defendants and the Court has already stated that the Plaintiff may proceed with the

---

[2] Each count alleged, in its respective "wherefore" clause, that the defendants violated the due process and equal protection clauses of the Fifth and Fourteenth Amendments, 42 U.S.C. Section 1983, and Art. I Sec. 2 and 9 of the Florida Constitution. Furthermore, paragraph 3 of the Complaint, incorporated in every count, charges that the defendant violated U.S. Const. Amendments I, IV and XIII, Fla Stat. 120 and 240, Chapter 28 of the Florida Administrative Code and finally the Florida law of contracts. This Court presumes that the Florida law of contracts was cited as a cause for relief as it exists as a general body of law.

theory of joint venture (Doc. 62), which renders an analogy to *Magluta*, with its fourteen individual defendants who were applied to every count where "geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of," inapplicable. *Magluta*, 256 F.3d 1282, 1284.

While the Complaint re-alleges all of the general allegations in every count, it also provides the particular facts pled in support of the count. This makes the complaint analogous to the complaint at issue in *Lockheed Martin Corp. v. Boeing Company*. *See Lockheed Martin Corp. v. Boeing Co.*, 314 F.Supp.2d 1198, 1207 (M.D. Fla. 2004) (Finding that a complaint which incorporates all general allegations into every count was not a "shotgun" pleading because the complaint reiterated the specific factual allegations supporting the respective counts). The Complaint is sufficiently clear and Defendant could reasonably form a response. The Complaint alleges a breach of contract, fraud, and consequent to fraud, RICO violations. The facts which support each count are alleged within the count. The Complaint also proceeds in an logical manner and clearly delineated the issues, which allows the Defendant to be able to properly frame a response. Accordingly, the Motion for a More Definite Statement in the alternate is denied.

### 3. Plaintiff's vague references to defendant without specifying which defendant

Defendant asks for a more definite statement on the basis that the complaint fails to specifically connect individual defendants with individual acts and practices. The Court has already decided that the Plaintiff's argument is based on a theory of joint venture, which is sufficiently pled and capable of response (Doc. 62). Accordingly, this Court must deny Defendant's Motion for a more Definite Statement.

### III. CONCLUSION

This Court must grant Defendant's Motion to Strike the prayer for relief for reinstatement of benefits. The Court must deny all other motions. Accordingly, it is:

**ORDERED** that Defendant's Motion to Strike is **GRANTED IN PART** as to subsection (b) of counts (1)-(6); all other Motions are **DENIED**. The Defendant shall have ten days to answer the Second Amended Complaint.

**DONE** and **ORDERED** in chambers, in Tampa, Florida, this 24th day of April, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.